IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

J. WALTER THOMPSON PUERTO RICO,
INC.,

    **Plaintiff,**

           v.           **Civil No.** 17-1094 (FAB)

LATIN AMERICAN MUSIC COMPANY,
INC., *et al.*,

    **Defendants**.

OPINION AND ORDER

BESOSA, District Judge.

    Before the Court is Peer International Corporation of Puerto Rico ("Peer International")'s motion for attorney's fees, costs and sanctions. (Docket No. 66.) The Court referred Peer International's motion to a magistrate judge for a Report and Recommendation ("R&R"). (Docket No. 68.) For the reasons set forth below, the R&R is **GRANTED IN PART** and **DENIED IN PART**. Peer International's motion for attorney's fees, costs and sanctions is **GRANTED.**

I. Background

    Walgreens Company ("Walgreens") commissioned J. Walter Thompson Puerto Rico ("Walter Thompson") to produce a marketing campaign for the 2016 Christmas season. (Docket No. 1 at p. 3.) Walter Thompson procured a license from music publisher Peer

Civil No. 17-1094 (FAB)                                                2

International to use "Llegó la Navidad" by Raúl Balseiro ("the composition"). Id. at p. 2. Peer International issued the license to Walter Thompson for a $5,500.00 fee. Id. After the marketing campaign aired throughout Puerto Rico, defendants Latin American Music Company, Inc. ("LAMCO") and ACEMLA de Puerto Rico, Inc. ("ACEMLA") informed Walgreens that they possessed exclusive rights to the composition. Id. at pp. 2—3.[1]

To resolve competing claims of ownership regarding "Llegó la Navidad," Walter Thompson filed an interpleader complaint pursuant to Federal Rule of Civil Procedure 22. (Docket No. 1.) In addition to answering the interpleader complaint, LAMCO and ACEMLA set forth copyright infringement claims against Walter Thompson, Peer International, and Walgreens. (Docket No. 14.) Peer International moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 52.) The doctrine of collateral estoppel compelled this Court to grant Peer International's motion for judgment on the pleadings. J. Walter Thompson P.R., Inc. v. Latin Am. Music. Co., 308 F. Supp. 3d 611 (D.P.R. 2018) (Besosa, J.).

---

[1] LAMCO is a music publisher. (Docket No. 1. at p. 3.) ACEMLA is a performing arts society. Id. Luis Raúl Bernard ("Bernard") serves as president of both entities. See Affirmation of Luis Raúl Bernard, Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (ADC) (D.P.R. Oct. 21, 2009) (Docket No. 57, Ex. 51 at p. 2).

Civil No. 17-1094 (FAB)                                              3

Because LAMCO and ACEMLA's copyright infringement claims are frivolous, the Court issued an Order to Show Cause pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). J. Walter Thompson P.R., Inc., 308 F. Supp. 3d at 618. Rule 11 provides that:

> By presenting to the court a pleading, written motion, or other paper [. . .] an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). Jelka L. Duchesne ("Duchesne"), Ibraham Latiff-Carrasquillo (Latiff"), Robert Penchina ("Penchina"), and Kelly D. Talcott ("Talcott") appeared on behalf of LAMCO and ACEMLA. (Docket Nos. 10, 13, 30 and 32.) The Court ordered each attorney:

> to submit individual filings addressing (1) whether LAMCO and ACEMLA claimed to own "Llegó la Navidad," (2) on what basis counsel filed documents to the Court representing that LAMCO and ACEMLA own "Llegó la Navidad," and (3) why the Court should not impose sanctions pursuant to Rule 11.

J. Walter Thompson P.R., 308 F. Supp. 3d at 618. Only Talcott failed to comply with the Court's Order to Show Cause. (Docket Nos. 58—60.)

Peer International moved for sanctions against LAMCO and ACEMLA pursuant to 28 U.S.C. section 1927 ("section 1927").

(Docket No. 66 at p. 24.) The Court referred Peer International's motion "for a report and recommendation on attorney's fees and sanctions." (Docket No. 68.) The Order to Show Cause, however, remained before the Court.

The magistrate judge recommended that (1) LAMCO and ACEMLA pay $107,181.00 in attorney's fees, and (2) that the Court forgo the imposition of sanctions. (Docket No. 78.) Peer International does not object to the magistrate judge's recommendation concerning the award of attorney's fees. (Docket No. 80 at p. 5.)[2] Consequently, the Court **ADOPTS** the magistrate judge's recommendation that LAMCO and ACEMLA pay $107,181.00 in attorney's fees. (Docket No. 78 at p. 13.) Peer International does object, however, to the magistrate judge's recommendations regarding sanctions. (Docket No. 80 at p. 6.) According to Peer International, the magistrate judge "issued recommendations regarding the Court's Order to Show Cause . . . under Federal Rule of Civil Procedure 11, . . . not regarding Peer's motion for sanctions under 28 U.S.C. § 1927." Id. The Court agrees.

I.  **Standard of Review**

A district court may refer a pending motion to a magistrate judge for a R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P.

---

[2] The Court referred Peer International's Bill of Costs to the Clerk of the Court. (Docket No. 63.)

72(a); Loc. Rule 72(b).  Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d).  See 28 U.S.C. § 636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (García-Gregory, J.) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003).  The Court may accept those parts of the R&R to which the parties do not object.  See Hernández-Mejías v. Gen. Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

## II. Peer International Moved for Sanctions Pursuant to 28 U.S.C. Section 1927, Not Federal Rule of Civil Procedure 11

The Order to Show Cause and the motion for sanctions are distinct.  The Court invoked Rule 11.  J. Walter Thompson P.R.,

Inc., 308 F. Supp. at 618. Peer International cited section 1927. (Docket No. 66.) The Court's referral for an R&R concerned Peer International's motion for sanctions, requiring the magistrate judge to analyze LAMCO and ACEMLA's actions pursuant to section 1927. (Docket No. 68.) The R&R, however, is devoid of any reference to section 1927. (Docket No. 78.) Accordingly, the R&R is clearly erroneous because the magistrate judge misapplied the law. See Le Blanc v. B.G.T. Corp., 922 F.2d 394, 400 (1st Cir. 1993) (remanding action in part because "the magistrate judge applied a different, incorrect legal standard"); Winthrop House Ass'n v. Brookside Elm Ltd. Partners, 451 F. Supp. 2d 336, 348 (D. Conn. 2005) ("Because these issues were beyond the scope of the referral [to the magistrate judge], this court finds that the better approach is to decline to adopt the recommendations as to these issues in their entirety."). The Court **REJECTS** the magistrate judge's R&R regarding the imposition of sanctions. The Court finds that sanctions against counsel are appropriate pursuant to Rule 11 and section 1927, in addition to the granting of attorneys' fees to Peer International by LAMCO and ACEMLA.

    **A.    Federal Rule of Civil Procedure 11**

        A frivolous lawsuit may result in sanctions, such as an award of attorney's fees. Fed. R. Civ. P. 11(c). Courts employ an objective standard in determining whether a litigant and his or

her attorney reasonably commenced and litigated a cause of action. See Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990) (affirming the imposition of sanctions pursuant to Rule 11 because "plaintiffs' attorney's litigation of this claim was 'a vexatious time consuming exercise which bore no fruit.'"); Nyer v. Winterthur Int'l, 290 F.3d 456, 462 (1st Cir. 2009) (affirming the imposition of sanctions pursuant to Rule 11, because "no attorney, particularly relying on this apportionment argument, could reasonably have believed that the facts of this case could sustain a claim against [the defendant]"). While the imposition of Rule 11 sanctions does not require a finding of bad faith, a showing of at least culpable carelessness is required. Citibank Global Mkts., Inc., v. Santana, 573 F.3d 17, 32 (1st Cir. 2009). Sanctions pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Ultimately, the "imposition of sanctions is a judgment call." Kale v. Combined Ins. Co., 861 F.2d 746, 758 (1st Cir. 1988).

    **B.    28 U.S.C. section 1927**

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

Civil No. 17-1094 (FAB)                                                8

because of such conduct." 28 U.S.C. § 1927. The imposition of sanctions pursuant to section 1927 does "not require a finding of subjective bad faith." Cruz, 896 F.2d at 631. Vexatious conduct encompasses behavior that is "harassing or annoying, regardless of whether it is intended to be so." Id. Counsel subject to sanctions "evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court." Lamboy-Ortiz v. Ortiz-Vélez, 639 F.3d 228, 245 (1st Cir. 2010). Section 1927 serves to "deter frivolous litigation and abusive practices by attorney's and to ensure that those who create unnecessary costs also bear them." Id. at 247.

    **C.    Sanctions are Warranted**

The Court recognizes that mere ineptitude is beyond the purview of Rule 11 and section 1927. See Jensen v. Philips Screw Co., 546 F.3d 59, 67 (1st Cir. 2008) (affirming the imposition of sanctions, noting that "[d]istinguishing between what is a vigorous but reasonable attempt to salvage a case that is going badly and a stubbornly capricious attempt to gain advantage by prolonging matters is not easy"); Young v. City of Providence, 494 F.3d 33 (1st Cir. 2005) ("It is true that courts ought not invoke Rule 11 for slight cause; the wheels of justice would grind to a halt if lawyers everywhere were sanctioned every time they made

unfounded objections, weak arguments, and dubious factual claims.") (citation omitted). The claims raised by LAMCO and ACEMLA, however, are flagrant violations of Rule 11 and section 1927. The proposition that LAMCO and ACEMLA own "Llegó la Navidad" is legally untenable. A cursory review of dispositive precedent reveals that LAMCO and ACEMLA are collaterally estopped from asserting ownership over the composition. See Civil No. 07-2254.[3]

### 1. Before this Litigation Commenced, a Jury had Determined that LAMCO and ACEMLA Do Not Own "Llegó la Navidad"

In 2007, LAMCO and ACEMLA sued Media Power Group, Inc. ("Media Power") for copyright infringement. (Case No. 07-2254, Docket No. 1.)[4] A seven-day jury trial commenced on August 8, 2011. (Docket No. 193.) Bernard, the president of LAMCO and ACEMLA, testified for two days. (Docket Nos. 193 and 194.) Joey

---

[3] To invoke collateral estoppel, federal common law required Peer International to establish that:

> (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment, and (4) the determination of that issue was essential to the judgment.

Latin Am. Music. Co. v. Media Power Grp., Inc., 705 F.3d 34, 42 (1st Cir. 2014); Robb Evans & Assocs., LLC v. United States, 850 F.3d 24, 32 (1st Cir. 2017).

[4] The Court takes judicial notice of the pleadings and judicial orders docketed in Media Power Group. See Rodríguez-Torres v. Gov't Dev. Bank of P.R., 750 F. Supp. 2d 407, 411 (D.P.R. 2010) (Besosa, J.) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand") (internal citation omitted).

Civil No. 17-1094 (FAB)                                               10

Mercado ("Mercado"), director for the Rights of Published Relations for Broadcast Music, Inc. ("BMI"), also testified at trial. Mercado stated that "Llegó la Navidad" had been "administered by Peer Music, as part of the BMI catalog" since 1992. (Docket 232 at p. 105.) Mercado testified that "Peer is the owner of the right to 'Llegó la Navidad' by Raúl Balseiro." Id. at p. 113.

The trial court provided the jury with the following instruction:

> An owner of copyright owns the right to exclude any other person from reproducing, performing, displaying, or using the work covered by copyright for a specified period of time [. . .] In this case, plaintiffs contend, and the defendants dispute, that plaintiffs are, and at all relevant times, have been the copyright owner or license of exclusive and/or non-exclusive rights, under the United States Copyright with respect to ["Llegó la Navidad.]"

(Docket No. 231 at pp. 147—49.) The jury verdict form asked whether "by a preponderance of the evidence . . . [LAMCO and ACEMLA] have established ownership as to any of these songs?" (Docket No. 211 at p. 1.) The jury answered "No." Id. Because the jury found that LAMCO and ACEMLA possessed no ownership interest in the composition, their deliberations concluded. Id.

LAMCO and ACEMLA appealed the Media Power decision. Media Pwr. Grp., Inc., 705 F.3d 34, 39 (1st Cir. 2013). The issue of ownership, LAMCO and ACEMLA argued, was improperly submitted to

the jury.  Id.  The First Circuit Court of Appeals disagreed, holding that:

> At trial, the parties treated ownership as a live issue. In the jointly proposed pretrial order and in its opening statement to the jury, LAMCO acknowledged its burden to establish ownership.  LAMCO then produced evidence of ownership, and the defendants challenged the sufficiency of LAMCO's evidence.

Id. at 39—40.  Accordingly, LAMCO and ACEMLA are collaterally estopped from asserting copyright protection for "Llegó la Navidad."  See Media Power Grp., Inc., Civil No. 07-2254.

Counsel for LAMCO and ACEMLA were "culpably careless" for failing to grasp that Media Power constitutes preclusive precedent.  Civil No. 07-2254; Citibank Global Mkts., Inc., 573 F.3d at 32.  Indeed, LAMCO and ACEMLA cited the same certificate of copyright for "Llegó la Navidad" that the jury rejected as proof of ownership in Media Power.  (Civil No. 07-2254, Docket No. 209 at p. 1; Civil No. 17-1094, Docket No. 14 at p. 6.)

Representations made by LAMCO and ACEMLA in bankruptcy proceedings compound the need for sanctions.  LAMCO and ACEMLA filed for bankruptcy protection pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. sections 301, *et seq*.  (Docket

No. 38.)[5]  In asset schedules submitted to the bankruptcy court, the only property listed that LAMCO and ACEMLA claimed to own are their respective logos, each valued at $1.00.  (Docket No. 52, Ex. 2 at p. 7.)  Absent from LAMCO and ACEMLA's asset schedule is "Llegó la Navidad."  Id.  In sum, LAMCO and ACEMLA own "Llegó la Navidad" for purposes of seeking relief pursuant to the Copyright Act, but not for purposes of the bankruptcy proceeding.  This

---

[5] Penchina asserts that LAMCO possessed an exclusive license, granting LAMCO standing to assert copyright infringement claims regarding "Llegó la Navidad." (Docket No. 58 at p. 5.)  This argument is unavailing.  In 2002, LAMCO assigned and transferred, set over and conveyed to [Dolores Vera ("Vera")] all rights, title, sets over and convey[ed] to [Dolores Vera ("Vera")] the bulk and totality of that portion of all rights, title and interest set forth in all the musical compositions . . . it presently own[ed]."  (Docket No. 58 at p. 21.) Subsequently, LAMCO and Vera entered into a sub-publishing agreement. (Docket No. 58 at p. 22.)  Vera granted LACMO the "exclusive right of public performance of the Compositions, for profit or otherwise (including broadcasting and television)."  Id.  The sub-publishing agreement is "automatically . . . deemed terminated" in the event LACMO "becomes insolvent, or any solvency, bankruptcy or composition proceeding is commenced by or against [LAMCO] and is not dismissed within thirty (30) days.  Id. at p. 29.  LAMCO and ACEMLA declared bankruptcy on March 24, 2014.  (Docket No. 38 at p. 2.)  The bankruptcy court granted Peer International's motion to lift the automatic stay on November 7, 2017, more than thirty days after LAMCO and ACEMLA declared bankruptcy.  Docket No. 40; see No. 17-2023-ESLAA (LAMCO), Docket No. 151 (Lamoutte, J.). Accordingly, any exclusive license belonging to LAMCO expired automatically pursuant to the sub-publishing agreement.

inconsistency bolsters the Court's conclusion that this action is meritless.[6]

### 2. LAMCO and ACEMLA's Copyright Infringement Claims Unreasonably Multiplied this Proceeding

The assertion of copyright infringement claims against Walter Thompson, Peer International, and Walgreens unreasonably multiplied this proceeding. (Docket No. 14.) Indeed, Walgreens was not a party to this action until LAMCO and ACEMLA alleged that "Walgreens is liable to LAMCO/ACEMLA for copyright infringement." Id. at p. 9. LAMCO and ACEMLA's baseless claims required Walter Thompson, Peer International, and Walgreens to file answers in defense of the copyright infringement allegations. (Docket Nos. 16, 22 and 25.) This litigation consumed considerable judicial resources. The Court held an initial scheduling conference, issued a Case Management Order, and adjudicated Peer International's judgement on the pleadings. (Docket Nos. 27, 51

---

[6] The United States District Court for the Southern District of New York expressed identical misgivings regarding a similar LAMCO and ACEMLA litigation, and for the same reasons. In Latin American Music Company v. Spanish Broadcasting System, Inc., Civil No. 13-1526 (RJS), LAMCO and ACEMLA sued a radio station for copyright infringement. LAMCO and ACEMLA "represented that they were the copyright owners or licensees of exclusive rights with respect to the songs at issue in this case." No. 13-1526, Docket No. 150. The court in Spanish Broadcasting System took exception to LAMCO's conflicting representations to the bankruptcy court. Id. at p. 5. Despite assertions that LAMCO owned the disputed composition, "LAMCO's bankruptcy filings in the United States Bankruptcy Court for the District of Puerto Rico, which Mr. Bernard also signed and authenticated during cross-examination, indicates that LAMCO owns no intellectual property beyond its logo." Id. at p. 4. The Court ordered counsel for LAMCO and ACEMLA to identify the basis for their assertions that LAMCO and ACEMLA owned the relevant compositions. Id.

and 56.)   Consequently, the Court finds that the copyright infringement claims constituted "more than mere negligence, inadvertence, or incompetence."  Cruz, 896 F.2d at 631.

Disregarding preclusive precedent and asserting ownership over "Llegó la Navidad" warrants sanctions pursuant to Rule 11 and section 1927.  Latiff and Talcott signed the pleading that this Court deemed frivolous.  (Docket No. 14 at p. 11.) Penchina and Duchesne did not appear in this litigation until after LACMO and ACEMLA filed the copyright infringement claims. Accordingly, the Court declines to sanction Penchina and Duchesne. Latiff complied with the Court's Order to Show Cause, stating that he relied on Talcott in hopes of learning from an attorney with experience in copyright law.  (Docket No. 60 at p. 2.)  According to Latiff, he did not participate in drafting the copyright infringement claims.  Id. at p. 4.  By signing LACMO and AMCELA's pleadings, however, Latiff affirmed that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument."  Fed. R. Civ. P. 11(b)(2).  The Court declines to impose sanctions on Latiff.  Instead, the Court cautions Latiff that failure to read and verify the accuracy of the pleadings he signs may result in sanctions in the future. Talcott flouted the Court's Order to Show Cause.  The Court has no reason to doubt Latiff's contention that Talcott drafted the

Civil No. 17-1094 (FAB) 15

meritless copyright infringement allegations. (Docket No. 60.) Accordingly, the Court **SANCTIONS** Kelly D. Talcott in the amount of $2,500.

Relitigating issues already disposed of in prior actions needlessly consumes judicial resources. LAMCO and ACEMLA were keenly aware that they do not own "Llegó la Navidad." The Court cannot impose sanctions on LAMCO and ACEMLA pursuant to section 1927, because this provision applies only to counsel and *pro se* litigants. See Bolivar v. Pocklington, 975 F.2d 28, 33 n.13 (1st Cir. 1992) ("Section 1927 would not empower the district court to impose sanctions on [the plaintiff] in these circumstances, as it provides for sanctions only against 'any attorney or other person admitted to conduct cases.'"). Pursuant to Rule 11, the Court "may not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A). The Court possesses the inherent power to award attorney's fees if a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). The magistrate judge already recommended, and the Court concurs, that LAMCO and ACEMLA must pay $107,181.00 in attorney's fees.

Courts have repeatedly dismissed copyright infringement actions commenced by LAMCO and ACEMLA on collateral

estoppel grounds.  See Banco Popular de P.R., Inc., v. Latin Am. Music Co., No. 01-1142, 2008 U.S. Dist. LEXIS 125302 (Oct 14, 2008) (Gelpí, J.) (holding that collateral estoppel demanded the dismissal of copyright infringement claims asserted by LAMCO and ACEMLA); see Media Power Grp., Inc., 705 F.3d at 42 (1st Cir. 2014) (holding that "[t]he district court correctly concluded that LAMCO was collaterally estopped from litigating the claims as to the four Corretjer songs").  LAMCO and ACEMLA's pattern of asserting ownership over compositions they plainly do not own is troubling, vexatious, and an abuse of the judicial process.

**IV. Conclusion**

For the reasons set forth above, the R&R is **ADOPTED IN PART** and **REJECTED IN PART**.  (Docket No. 78.)  Peer International's motion for attorney's fees and sanctions is **GRANTED**.  (Docket No. 66.)  LAMCO and ACEMLA are **ORDERED** pay Peer International $107,181.00 in attorney's fees.  The Court **SANCTIONS** Kelly D. Talcott in the amount of $2,500.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 14, 2019.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE